(Reap. Dec. 10497)

PATRICK & GRAVES *v.* UNITED STATES

Entry No. 6713–H, etc.

(Decided April 23, 1963)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

JOHNSON, Judge: These appeals for reappraisement, consolidated at the trial, have been submitted upon the following stipulation of counsel for the respective parties:

MISS SHOSTAK: * * *

In these cases, plaintiff accordingly offers to stipulate that the Volkswagen automobiles itemized on the invoices accompanying the entries covered by the appeals for reappraisement in these consolidated cases on the dates of exportation thereof to the United States, that as to this merchandise, Your Honor, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, were the invoice unit values f.o.b. Hamburg, which in-

cluded the cost of Americanization rather than the values indicated in red ink on the invoices.

MRS. ZIFF: After conferring with the Appraiser and Assistant Appraiser at this port, we so agree.

JUDGE JOHNSON: So agreed.

MISS SHOSTAK: Plaintiff further offers to stipulate that the merchandise covered by all of these entries and appeals for reappraisement the subject of these consolidated cases is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, issued on January 20, 1958, pursuant to Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and plaintiff further offers to stipulate that on the dates of exportation involved herein there were no higher foreign values for such or similar merchandise.

MRS. ZIFF: After conferring with the Appraiser and Assistant Appraiser, we so agree.

On the agreed facts, I find that export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise involved herein and that such value is the invoiced unit values, f.o.b. Hamburg, which included the cost of Americanization.

Judgment will be rendered accordingly.